IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-02293-LTB-KMT

SANDRA S. SEELY,

        Plaintiff,

v.

PAUL ARCHULETA, and ABF FREIGHT SYSTEMS, INC.,

        Defendants.

_____

ORDER
_____

This matter is before me on Plaintiff's Motion *In Limine* to Prohibit Evidence of Discounted or Written Off Medical Bills as Collateral Sources and Allowing Plaintiff Recovery of the Amount of Medical Bills Incurred **[Doc #34]**. Plaintiff's motion appears to dually seek to prohibit Defendants from introducing evidence of discounted or written off medical bills as collateral sources and to allow Plaintiff to recover the full amount of medical bills incurred. This is an issue of law, not fact. It is undisputed that Colorado law applies in this diversity case. After consideration of the parties' arguments, I GRANT the portion of Plaintiff's motion seeking to prohibit evidence of discounted or written off medical bills, and I DENY the portion seeking to allow Plaintiff to recover the full amount of medical bills.

**I. Background**

On October 22, 2008, Plaintiff Sandra S. Seely, filed a complaint against Defendants Paul Archuleta and ABF Freight Systems, Inc., claiming negligence and negligence per se for her

personal injuries suffered from a car collision. Plaintiff has incurred considerable medical bills for her injuries. Per the parties' Final Pre-Trial Order entered February 2011, Plaintiff intends to introduce medical bills from 26 providers totaling, at the time, $203,582.31. Plaintiff entered into an agreement with Injury Finance. Injury Finance, in turn, negotiated and contracted with Plaintiff's medical providers for discounts and in some cases write offs of Plaintiff's medical bills. Defendants wish to introduce evidence of the discounted or written off amounts.

## II. Summary of Arguments

### *A. Plaintiff's Motion and Reply*

Plaintiff argues that Defendants are prohibited from introducing evidence of any discounted or written off medical bills in this tort action because they are "collateral sources." For this point, Plaintiff relies heavily on the recent Colorado Supreme Court case, *Volunteers of America Colorado Branch v. Gardenswartz*, 242 P.3d 1080 (Colo. 2010). The *Gardenswartz* court explained that "under the common law collateral source rule, making the injured plaintiff whole is solely the tortfeasor's responsibility." *Id.* at 1082. Thus, "[a]ny third-party benefits or gifts obtained by the injured party accrue solely to the plaintiff's benefit and are not deducted from the amount of the tortfeasor's liability." *Id.* at 1083. Under this doctrine, "[t]hese third-party sources are 'collateral' and are irrelevant in fixing the amount of the tortfeasor's liability." *Id.* The common law rule therefore permits double recovery by a successful plaintiff. *Id.* The *Gardenswartz* court also stated the following: "To ensure that a jury will not be misled by evidence regarding the benefits that a plaintiff received from sources collateral to the tortfeasor, such evidence is inadmissible at trial. . . It is also inadmissible in adjusting or reducing a plaintiffs's damages award." *Id.* (internal citations omitted).

Plaintiff then argues that Colorado statutes also prohibit admitting evidence of a collateral source payment and any amount thereof. Plaintiff cites to C.R.S. §13-21-111.6 (2010), which provides the following:

> In any action by any person or his legal representative to recover damages for a tort resulting in death or injury to person or property, the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount of the verdict by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained; except that the verdict shall not be reduced by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person. The court shall enter judgment on such reduced amount.

Section 13-21-111.6 "partially negates" the common law collateral source rule. *Gardenswartz,* 242 P.3d at 1084. The section's first clause requires a trial court to offset a damages verdict by deducting collateral source compensation or benefits the plaintiff received. *Id.* The second clause–the so called "contract clause"– retains the collateral source rule for certain benefits. The Colorado Supreme Court noted that section 13-21-111.6 is "ambiguous" and that statutes in derogation of the common law, such as this one, must be "strictly construed." *Id.* at 1084.

Plaintiff contests that any collateral source evidence is inadmissable, regardless of ambiguity in section 13-21-111.6, because of subsequently enacted C.R.S. §10-1-135 (2010). That section governs when a payer of benefits (e.g., an insurance company) seeks reimbursement for benefits it provided to an injured party. Plaintiff specifically cites section 10-1-135(10)(a), which provides the following:

> Nothing in this section modifies:(a) The requirement of section 13-21-111.6, C.R.S., regarding the reduction of damages based on amounts paid for the damages from a collateral source. The fact or amount of any collateral source payment or benefits shall not be admitted as evidence in any action against an alleged third-party

tortfeasor or in an action to recover benefits under section 10-4-609."

Plaintiff contends that this statute conclusively shows that evidence of discounted or written off medical bills is inadmissible. Plaintiff then maintains that because the discounts or write offs should not be admitted as evidence, Plaintiff is accordingly allowed to recover the full amount of the medicals bills she incurred.

In her reply, Plaintiff claims that "because the Colorado Supreme Court and Colorado Legislature have closed the book on this issue," Defendants' claims to the contrary are groundless and frivolous. Plaintiff states that she is therefore entitled to recovery her reasonable attorney fees related to this issue.

### *B. Defendants' Response*

Defendants first dispute Plaintiff's reliance on *Gardenswartz*, arguing that it did not decide the admissibility of collateral source evidence. According to Defendants, *Gardenswartz* held only that the trial court could not, following a jury verdict, reduce the plaintiff's damages award by reductions in medical bills that were negotiated by the plaintiff's health insurance carrier pursuant to a health insurance policy that was purchased by or on behalf of the plaintiff.

Defendants next argue that Plaintiff's claim that section 10-1-135 resolves any ambiguities regarding section 13-21-111.6 is "illogical" and is "not supported by the plain language" of the section. As support, Defendants adduce the first sentence of section 10-1-135(10)(a), which states that "[n]othing in this section modifies: (a) The requirement of section 13-21-111.6, C.R.S., regarding the reduction of damages based on amounts paid for the damages from a collateral source." Colo. Rev. Stat. § 10-1-135(10)(a) (2010). Defendants also seem to argue that the second sentence of section 10-1-135(10)(a) is inapposite here. This argument

4

seems to be based on Defendants' assertion that this action is not "a third-party action."

Defendants' final argument is that evidence of discounted or written off medical bills should be admitted because the correct measure of compensable damages for medical expenses is the necessary and reasonable value of services rendered, and both the amount billed and the amount paid for the services constitute evidence of their reasonable value. *Lawson v. Safeway, Inc.*, 878 P.2d 127, 131 (Colo. App. 1994); *Palmer Park Gardens, Inc. v. Potter*, 425 P.2d 268, 272 (Colo. 1967).

### III. Analysis

Though it is unclear, Plaintiff's motion appears to have two parts. The first part seeks to preclude Defendants from introducing evidence of any discounted or written off medical bills during trial. The second part argues that Plaintiff should be allowed to recover the full amount of medical bills that she incurred. I address these parts in turn.

### *A. Plaintiff's Motion to Prohibit Evidence of Discounted or Written Off Medical Bills as Collateral Sources*

Whether evidence of the amount accepted in full payment for medical expenses is admissible at trial is unsettled in Colorado. The Colorado Supreme Court will soon settle the issue because it granted certiorari on May 14, 2011, in two recent Colorado Court of Appeals cases that addressed this issue squarely but reached opposite conclusions. *See Crossgrove v. Wal-Mart Stores, Inc.*, 2010 WL 2521744 (Colo. App. 2010) (holding that evidence of the amount paid by third-party payors, and the amount discounted or written off from the billed amount due under a contract between the third-party payor and the provider, is inadmissible even to show the reasonable value of services rendered because the payments and discounts constitute collateral sources); *Sunahara v. State Farm Mutual Automobile Insurance Co.*, 2010 WL

1796501 (Colo. App. 2010) (holding that the amount accepted in full payment for medical treatment was admissible under Colorado case law). Although the Colorado Supreme Court will soon resolve this issue, I must rule now based on the law and the parties' arguments: I grant this portion of Plaintiff's motion for the reasons stated below.

As an initial matter, I find that the discounted and written off bills negotiated by Injury Finance on Plaintiff's behalf constitute collateral sources. Under the common law rule, "[a]ny third-party benefits or gifts obtained by the injured party" are "collateral." *Gardenswartz*, 242 P.3d at 1083. The parties do not appear to contest this point. While it is true that *Gardenswartz* did not address how section 13-21-111.6 affected the common law collateral source rule's evidence prohibition, the case is still instructive. As a general matter, the *Gardenswartz* court found that section 13-21-111.6 did not "sweep away the common law collateral source in its entirety." *Id.* at 1084. Instead, the section modified the common law to "a limited extent" by "only requir[ing] *post*-verdict offset of certain compensation received by the plaintiff." *Id.* (emphasis added). Section 13-21-111.6, then, does not address the pre-verdict admissibility of collateral source evidence. Because section 13-21-111.6 is in derogation of the common law rule, the court found that it must be strictly construed. *Id.* Therefore, as a starting point, the common law rule still applies to evidentiary issues, which means evidence of discounted or written off medical bills is inadmissible.

Defendants, however, contend that they can introduce the discounted or written off bills to show the correct measure of compensable damages for medical expenses. They assert that the correct measure of compensable damages is the necessary and reasonable value of the medical

6

services rendered, and both the amount billed and the amount paid for the services constitute evidence of their reasonable value.  *Lawson*, 878 P.2d at 131; *Potter*, 425 P.2d at 272.

I disagree.  To begin, Defendants omit important language and facts from the cases cited for this proposition.  Defendants failed to include in their quoted portions of *Lawson* and *Potter* the italicized language: "[w]hile the correct measure of damages is the necessary and reasonable value of the services rendered, *rather than the amount which may have been paid for such services*, nevertheless the amount paid for services is some evidence of their reasonable value." *Lawson*, 878 P.2d at 131 (quoting *Potter*, 425 P.2d at 272) (emphasis added).  These cases thus strongly suggest that the amount paid for medical services is not the paramount value for determining compensable damages.  Additionally, as a factual matter, none of the Court of Appeals cases Defendants cite for this argument concerned application of the collateral source rule.  *See Lawson*, *supra*; *Potter, supra*; *Pyles-Knutzen v. Bd. of Cnty. Commissioners of Pitkin Cnty.,* 791 P.2d 164 (Colo. App. 1989).  It is thus unclear what preclusive effect the collateral source role (or the statutes discussed herein) would have had in these cases.

Moreover, in *Lawson* and *Potter,* the plaintiffs sought admission of their actual expenses to demonstrate their damages.  *Id*.  The "amount paid" in *Lawson* and *Potter* seems to have been the amount the medical providers actually billed; there was no evidence of any "discount."  In those cases, the defendants were contesting whether the amount paid, as evinced by the amount billed, was reasonable and necessary.  *See id.*  By contrast, here Defendants intend to introduce collateral source evidence to mitigate damages by arguing that the amounts actually paid, and not the amounts billed, reflect the reasonable and necessary value Plaintiff's damages.

I also disagree with Defendants argument for analytical reasons. The discounted amount of medical services does not necessarily, and in fact probably does not, reflect the true value of the services rendered. As the *Gardenswartz* court explained, "[t]here are many reasons why insurance companies and healthcare providers enter into contracts that discount the full amount charged by the providers." *Id.* at 1086. Indeed, "it can be tempting to treat the discounted amounts as being a truer reflection of a plaintiff's damages." *Id.* at 1087. A discounted rate, however, generally reflects the third-party payor's negotiating power and the fact that providers enjoy prompt payment, assured collectability, avoidance of collection costs, increased administrative efficiency, and access and marketing to a larger patient pool. *See Gardenswartz*, 242 P.3d at 1080; *Stanley v. Walker*, 906 N.E.2d 852, 863-64 (Ind. 2009); *Radvany v. Davis*, 551 S.E.2d 347, 348 (Va. 2001). In fact, negotiated amounts accepted by providers from insurance carriers "do not reflect the 'prevailing cost' of those services to other patients." *Radvany*, 551 S.E.2d at 348.

Avoiding confusing the jury is another compelling reason to preclude the evidence. Under the common law rule, collateral source evidence is inadmissible at trial "[t]o ensure that the jury will not be misled . . . ." *Gardenswartz*, 242 P.3d at 1083 (quoting *Carr v. Boyd*, 229 P.2d 659, 662-63 (Colo. 1951)). There is concern that the "confusion that could easily arise in the minds of jurors" as a result of the collateral evidence could "affect[] the verdict." *Carr*, 229 P.2d at 663-64; *accord Scott v. Garfield*, 912 N.E.2d 1000, 1009 (Mass. 2009) ("[J]urors might be led by the irrelevancy to consider plaintiffs' claims unimportant or trivial or to refuse plaintiffs' verdicts or reduce them, believing that otherwise there would be an unjust double recovery"). Allowing the evidence would seem to result in doublespeak confounding to the jury:

You may consider this evidence when determining Plaintiff's compensable damages, but do not consider it when determining Defendants' liabilities. Also troubling is the conceivable possibility that if collateral source evidence is allowed during trial, Plaintiff's compensable damages could be reduced twice–once by the jury pre-verdict in calculating its "reasonable" value and once again under section 13-21-111.6 post-verdict. This cannot be what the Colorado Legislature intended.

To be sure, Defendants may dispute the amount billed as unreasonable during trial by presenting evidence regarding the proper value of an injured plaintiff's damages. *Gardenswartz*, 242 P.3d at 1087 (quoting *Arthur v. Catour*, 803 N.E.2d 647, 649 (2004) (under the collateral source rule, the "plaintiff's damages are not limited to the amount paid by her insurer, but may extend to the entire amount billed, provided those charges are reasonable expenses of necessary medical care")). My ruling does not preclude Defendants from attacking the reasonableness or necessity of Plaintiff's medical care and thus her compensable damages. It simply prohibits them from doing so by offering evidence of the discounts or write offs.

Section 10-1-135(10)(a) bolsters my conclusion. It unambiguously states that "[t]he fact or amount of any collateral source payment or benefits shall not be admitted as evidence in any action against an alleged third-party tortfeasor." Colo. Rev. Stat. § 10-1-135 (2010). By prohibiting evidence of "any" collateral source payment or benefit in any action against an alleged third-party tortfeasor, the statute appears to prohibit collateral source evidence even if it is offered to contest the reasonabless or necessity of Plaintiff's compensable damages.

### B. Plaintiff's Motion to Allow Plaintiff Recovery of the Amount of Medical Bills Incurred

Plaintiff's motion also appears to seek an order declaring that she is entitled to the full recovery of the amount of her medical bills incurred. I deny this portion of the motion. Section 13-21-111.6 prescribes that the court should reduce a damages verdict by any collateral source amount other than those that fit into the section's "contract clause." Colo. Rev. Stat. § 10-1-135. But this reduction, if any, is contingent on Plaintiff prevailing and must come *after* the trier of fact renders a damages verdict. As a corollary, whether the discounted and written off medical bills in this case fit into the contract clause of section 13-21-111.6 must also be determined post-verdict. In short, Plaintiff's motion on this point is premature and is essentially seeking an impermissible advisory opinion as to a post-verdict ruling.

Plaintiff also asks for her reasonable attorney fees related to her motion *in limine*, arguing that Defendants' claims related to the motion are groundless and frivolous. I deny this request. The discussion above illustrates that this legal issue is unsettled and is one over which both states and Colorado courts disagree. Defendants' arguments are not groundless and frivolous. They simply represent the opposing interpretation of Colorado law on this issue, an interpretation that some Colorado courts and other states share.

For the reasons set forth above, IT IS ORDERED that:

1) Plaintiff's Motion *In Limine* to Prohibit Evidence of Discounted or Written Off Medical Bills as Collateral Sources and Allowing Plaintiff Recovery of the Amount of Medical Bills Incurred **[Doc #34]** is GRANTED insofar as it seeks to prohibit evidence of discounted or written off medical bills;

2) Plaintiff's motion *in limine* is DENIED insofar as it seeks to allow Plaintiff to recover the full amount of medical bills; and

3) Plaintiff's request for reasonable attorney fees related to her motion *in limine* is DENIED.

Date: July 18, 2011 in Denver, Colorado.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE